# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

—o0o—

| | | |
|---|---|---|
| VIRGILIO HERNANDEZ-PUGA, | ) | 1:05-cv-00501-OWW-TAG HC |
| Petitioner, | ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| BERNIE ELLIS, | ) ) | (Doc. 1) |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition for writ of habeas corpus on April 15, 2005. (Doc. 1). Petitioner challenges his June 2, 2002 conviction in the United States District Court for the Eastern District of Wisconsin, of conspiracy to possess with intent to distribute in excess of 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2. (Doc. 1, p. 2). Petitioner currently is incarcerated at the Federal Correctional Institution at Taft, California, serving a term of 135 months. Id.

The only ground petitioner raises in this habeas corpus petition is a claim that his Fifth Amendment due process rights were violated by the prosecution's failure to adhere to the terms of the plea agreement. Specifically, petitioner maintains that as part of the plea agreement, and

1

1  in exchange both for his plea and "substantial assistance," he was promised a "5k1.1 or Rule 35
2  motion for a sentence reduction." (Doc. 1, p. 5). Petitioner indicates that he has never appealed
3  his conviction or sentence and has never filed a motion for reconsideration pursuant to 28 U.S.C.
4  § 2255. (Id. at 3-4).
5       For the reasons set forth below, Petitioner's claim is not cognizable in a petition filed
6  pursuant to 28 U.S.C. § 2241.

## DISCUSSION

8       A federal prisoner who wishes to challenge the validity or constitutionality of his
9  conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
10 under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
11 Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
12 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing
13 court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a
14 federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to
15 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at
16 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).
17      In contrast, a federal prisoner challenging the manner, location, or conditions of his
18 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
19 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
20 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
21 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
22 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
23 United States, 610 F.2d 672, 677 (9th Cir. 1990).
24      Here, Petitioner's only contention is that he has not been given a hearing to reduce his
25 sentence as purportedly required by the terms of his plea agreement. Albeit indirectly, Petitioner
26 is nevertheless attacking his sentence by seeking to enforce the terms of the plea agreement by
27 which his conviction was obtained. Accordingly, the appropriate legal vehicle for such an attack
28 is a motion for reconsideration pursuant to § 2255.

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).

The Ninth Circuit Court of Appeals in <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir.2003), <u>cert. denied</u>, 540 U.S. 1051 (2003), decided the issue as to when a claim of actual innocence might entitle a petitioner who is procedurally barred from filing a second or successive motion under § 2255, to seek relief under § 2241. The Ninth Circuit found that to the extent petitioner Ivy might have had a viable claim of actual innocence, he did not demonstrate that § 2255 was an inadequate or ineffective remedy because he had "not been denied an unobstructed procedural opportunity to present" his claim. <u>Id</u>. at 1061.

Here, Petitioner does not allege that § 2255 is inadequate or ineffective to protect his rights, nor does Petitioner contend that he is actually innocent of the charges. Petitioner indicates that he has never sought § 2255 relief because of his belief that the one-year statute of limitations on such filings had expired. Thus, it is possible that the remedy of § 2255 remains available to him. Accordingly, Petitioner fails to fall within an exception to this rule which would allow him to raise such a claim in a petition filed pursuant to § 2241.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling

1 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
2 within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>
3 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5 IT IS SO ORDERED.

6 **Dated:     November 30, 2005**                    **/s/ Theresa A. Goldner**
j6eb3d                                             UNITED STATES MAGISTRATE JUDGE