# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
—o0o—

| | |
|---|---|
| VIRGILIO HERNANDEZ-PUGA,<br><br>    Petitioner,<br><br>    v.<br><br>BERNIE ELLIS,<br><br>    Respondent. | 1:05-cv-00501-OWW-TAG HC<br><br>REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S EX PARTE MOTION TO DISMISS PETITION (Doc. 6)<br><br>ORDER VACATING AND WITHDRAWING REPORT AND RECOMMENDATION OF DECEMBER 6, 2005 (Doc. 4) |

       Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

       Petitioner filed the instant federal petition for writ of habeas corpus on April 15, 2005. (Doc. 1). Petitioner challenged his June 2, 2002 conviction in the United States District Court for the Eastern District of Wisconsin, for conspiracy to possess with intent to distribute in excess of 500 grams of a mixture containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 18 U.S.C. § 2. (Doc. 1, p. 2). Petitioner was incarcerated at the Federal Correctional Institution at Taft, California, serving a term of 135 months. Id. The only ground petitioner raised in his habeas corpus petition was a claim that his Fifth Amendment due process rights were violated by the prosecution's failure to adhere to the terms of the plea agreement.

       On December 6, 2005, the Magistrate Judge issued a Report and Recommendation to dismiss the petition on the grounds that the Court lacked jurisdiction because Petitioner should have raised his claims as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 4). Before the period for objections had expired, the Court became

1

aware that Petitioner may have died in prison. Subsequently, on February 8, 2006, Respondent filed the instant motion to dismiss on the grounds that Petitioner is deceased. (Doc. 6). In support of his motion, Respondent attaches a copy of Petitioner's death certificate, which indicates that Petitioner died on August 7, 2005. (Doc. 6, Attach.).

The death of Petitioner moots the action. The Court may entertain a petition for writ of habeas corpus on behalf of a petitioner who is in state custody on the ground that the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner must be "in custody" under the conviction or sentence the petition attacks when the petitioner files a federal habeas corpus petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Allen v. State of Oregon, 153 F.3d 1046, 1048 (9th Cir. 1998). Because he is deceased, Petitioner is no longer "in custody" for purposes of challenging his conviction, and thus, there is no relief which this Court can afford Petitioner. Hence, the petition should be dismissed as moot. Garceau v. Woodford, 399 F.3d 1101 (9th Cir. 2005); Griffey v. Lindsey, 349 F.3d 1157 (9th Cir. 2003).

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that the previous Report and Recommendation, dated December 4, 2005 (Doc. 4), is VACATED and WITHDRAWN.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that Respondent's Ex Parte Motion to Dismiss the petition for writ of habeas corpus (Doc. 6), be GRANTED, and that the petition (Doc. 1), be DISMISSED as moot.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by

1  mail) after service of the Objections.  The Court will then review the Magistrate Judge's Report
2  and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
3  to file objections within the specified time may waive the right to appeal the Order of the District
4  Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  Dated:   **April 12, 2006**                                        **/s/ Theresa A. Goldner**
   **j6eb3d**                                                         UNITED STATES MAGISTRATE JUDGE